Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ROSA VILLAFAÑE VIVO<br><br>Parte Peticionaria<br><br>v.<br><br>ROLANDO JATIB CAMPOS; FULANOS DE TAL A, B y C, CORPORACIONES X, Y, Z<br><br>Parte Recurrida | TA2025CE00971 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2024CV09225<br><br>Sobre: LIQUIDACIÓN DE COMUNIDAD DE BIENES |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece ante nos la parte peticionaria, Rosa Villafañe Vivo (peticionaria o Villafañe Vivo), mediante recurso de *certiorari* presentado el 30 de diciembre de 2025, y solicita que revoquemos la *Orden*[1] emitida el 23 de julio de 2025, notificada el 24 de julio de 2025, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante el referido dictamen, el TPI denegó la solicitud de la peticionaria de presentar prueba adicional en la vista de remedios provisionales[2]. El 22 de enero de 2026, la peticionaria presentó una *Moción Solicitando Urgente Auxilio de Jurisdicción,* en la que solicitó la paralización de los procedimientos ante el foro primario.

El 2 de febrero de 2026, la parte recurrida, Rolando Jatib Campos (recurrido o Jatib Campos), presentó su *Alegato en Oposición a "Recurso de Certiorari".*

Examinado el recurso y los escritos presentados por las partes, así como el derecho aplicable, resolvemos denegar expedir el

---

[1] Entrada Núm. 77.
[2] La vista de remedios provisionales ante el TPI está pautada para los días 3 al 13 de marzo de 2026.

auto de *certiorari.* Consecuentemente, se declara No Ha Lugar la solicitud de paralización de los procedimientos.

## I.     Trasfondo fáctico y procesal

El 3 de octubre de 2024, Villafañe Vivo presentó demanda sobre liquidación y división de comunidad de bienes post ganancial en contra del recurrido. Alegó que se divorció de Jatib Campos, el 6 de marzo de 2024[3] y que estuvieron casados bajo el régimen de Sociedad Legal de Gananciales. Alegó que, durante la vigencia del matrimonio, las partes adquirieron bienes, activos, pasivos y deudas en común[4] y que, desde el divorcio, el señor Jatib Campos ha ejercido control absoluto de los bienes. En virtud de lo anterior, Villafañe Vivo solicitó varios remedios, a saber: $20,000 mensuales como acceso a los frutos de la comunidad de bienes post ganancial, $200,000 como adelanto de su participación ganancial en la comunidad de bienes, que decrete la liquidación de la comunidad post ganancial, entre otros.

El 8 de enero de 2025, el señor Jatib Campos contestó la demanda. En resumen, negó alegaciones sustantivas, arguyó que parte del inventario reclamado es privativo, de terceros o inexistente; admitió participación ganancial en varios renglones y controvirtió otros, así como levantó sus defensas afirmativas.

Así las cosas, el 16 de enero de 2025, la señora Villafañe Vivo presentó una *Moción Urgente en Solicitud de Remedio Provisional bajo la Regla 56.5 y solicitud de acceso a los bienes de la comunidad post ganancial*[5] . En esta, la peticionaria expuso que, aunque había una orden de coadministración emitida en el caso de divorcio, el señor Jatib Campos había mantenido control exclusivo de los

---

[3] BY2023RF02127.
[4] Doce (12) restaurantes, arrendamiento de sobre 40 unidades en propiedades inmuebles en la plataforma Airbnb, supermercados Supermax y otros.
[5] Entrada Núm. 15.

bienes, negándole acceso a los frutos e información del caudal, así como la radicación de pleitos colaterales en su contra.

Por ello, Villafañe Vivo le solicitó al TPI que se le ordenara al recurrido el pago de $20,000 mensuales como adelanto de su participación y acceso a los frutos, mientras se dirimía la liquidación de la comunidad post ganancial y que se designara un síndico o administrador judicial de los bienes comunes, entre otros. Jatib Campos se opuso el 10 de febrero de 2025.

El 19 de febrero de 2025, el TPI celebró Conferencia Inicial. Conforme surge de la Minuta[6] del 24 de febrero de 2025, el TPI señaló la vista evidenciaria para el 18 de marzo de 2025 y ordenó a las partes presentar el 12 de marzo de 2025 en SUMAC la prueba documental y lista de testigos, bajo el apercibimiento de que "de no hacerlo se hace constar que la prueba no presentada en SUMAC se entenderá por renunciada"[7].

Luego de surgidas varias incidencias en torno al cumplimiento con la presentación de la prueba[8], el 13 de marzo de 2025, el TPI emitió una *Resolución*[9] en la que ordenó a las partes a reunirse a los fines de estipular la prueba y presentar para el 17 de marzo de 2025 una moción conjunta con un índice con la prueba estipulada y haciendo referencia a dónde se encuentra la prueba en SUMAC. El TPI puntualizó que no permitiría prueba que no sea la que ya se encontraba presentada en SUMAC. Asimismo, apercibió que la parte que incurra en incumplimiento con la orden se expondría a sanciones. El 17 de marzo de 2025, las partes presentaron la moción conjunta[10].

---

[6] Entrada Núm. 28.
[7] *Íd.*
[8] Véase, Entradas 33 a la 39.
[9] Entrada 40.
[10] Entrada 42.

La vista de remedios provisionales inició el 18 de marzo de 2025. Conforme surge de la extensa minuta[11], el TPI determinó que la señora Villafañe Vivo incumplió al no indicar en SUMAC dónde se encontraban sus 40 identificaciones. No obstante, determinó no imponerle sanciones. Por último, el TPI señaló una vista argumentativa para el 26 de junio de 2025 y reseñaló la vista de remedios provisionales para el mes de agosto de 2025.

El 26 de junio de 2025, el TPI celebró la vista argumentativa[12] y la peticionaria expresó su intención de presentar la transcripción de la deposición y unos documentos marcados como confidenciales. Conforme surge de la minuta[13], el TPI concedió término a la peticionaria para presentar un escrito fundamentado en derecho de por qué debía permitirse la presentación de la aludida prueba y concedió diez (10) días al apelado para oponerse.[14]

El 2 de julio de 2025, la señora Villafañe Vivo presentó *Moción sobre Prueba para Vista de Remedio Provisional[15]* y el 18 de julio de 2025, el Jatib Campos presentó su escrito en oposición[16].

El 23 de julio de 2025, el TPI emitió *Orden[17]*, en la que denegó la solicitud de Villafañe Vivo de suplementar la prueba con la transcripción de la deposición y acogió la oposición de Jatib Campos. Asimismo, delimitó el alcance de la vista de remedios provisionales, al interés propietario sobre los bienes, las circunstancias extraordinarias que justifiquen el remedio y la probabilidad de prevalecer.

Inconforme, el 8 de agosto de 2025, Villafañe Vivo solicitó reconsideración[18]. Además, el 13 de agosto de 2025, la peticionaria

---

[11] Entrada 49.
[12] Minuta, Entrada 78.
[13] *Íd.*
[14] *Íd.*
[15] Entrada 67.
[16] Entrada 71.
[17] Entrada 77.
[18] Entrada 83.

presentó *Solicitud de Inhibición por Parte Demandante[19]*, en la que solicitó la inhibición de la Jueza Cecilia Maria Suau Badía. El 24 de septiembre de 2025, la Hon. Aileen M. Navas Auger declaró No Ha Lugar la solicitud de inhibición[20].

El 3 de diciembre de 2025, el TPI emitió *Resolución y Orden*, en la que declaró No Ha Lugar la solicitud de reconsideración de Villafañe Vivo, ordenó el desglose de los documentos indebidamente presentados y ordenó a las partes a suplementar los estados financieros hasta la fecha del 31 de diciembre de 2025.

Inconforme, la peticionaria acude ante nos vía certiorari y formula los siguientes errores:

> PRIMER ERROR: ERRÓ EL TPI AL EXCLUIR, DE FORMA CATEGÓRICA Y SIN BASE REGLAMENTARIA, LA TRANSCRIPCIÓN Y LOS ANEJOS DE LA DEPOSICIÓN DEL DEMANDADO, LO QUE CONSTITUYÓ UN ABUSO DE DISCRECIÓN Y UNA DETERMINACIÓN ARBITRARIA. DICHA EXCLUSIÓN MENOSCABÓ EL DEBIDO PROCESO DE LEY Y EL DERECHO A SER OÍDO DE LA PARTE PROMOVENTE, Y AFECTA DE MANERA MATERIAL LA ADJUDICACIÓN DE LA SOLICITUD DE REMEDIO PROVISIONAL.
>
> SEGUNDO ERROR: ERRÓ EL TPI AL MANTENER LA EXCLUSIÓN DE DOCUMENTOS POR HABER SIDO MARCADOS COMO 'CONFIDENCIAL' EN SUMAC, PESE A QUE YA HABÍAN SIDO PRODUCIDOS A LA PARTE CONTRARIA CON ANTELACIÓN SUFICIENTE Y SIN PERJUICIO REAL, MIENTRAS PERMITIÓ A LA PARTE DEMANDADA SUPLEMENTAR EVIDENCIA; ELLO CONSTITUYÓ UN ABUSO DE DISCRECIÓN Y UNA DETERMINACIÓN ARBITRARIA Y CAPRICHOSA POR TRATO DESIGUAL EN LA ADMINISTRACIÓN DE LA PRUEBA.
>
> TERCER ERROR: ERRÓ EL TPI AL PERMITIR A LA PARTE RECURRIDA SUPLEMENTAR LA PRUEBA DEL REMEDIO PROVISIONAL (ESTADOS FINANCIEROS HASTA EL 31 DE DICIEMBRE DE 2025) MIENTRAS MANTUVO LA EXCLUSIÓN DE LA PRUEBA SOLICITADA POR LA RECURRENTE, EVIDENCIANDO UN TRATO DESIGUAL QUE CONFIGURA PREJUICIO Y APARIENCIA DE PARCIALIDAD CONFORME A LA REGLA 40.

**II.    Derecho Aplicable**

---

[19] Entrada 85.
[20] Entrada 105.

### A. El *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior[21].

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V[22]. Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la

---

[21] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[22] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[23], se justifica nuestra intervención.  Estos criterios son:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción[24].

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro[25]. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

---

[23] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

[24] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[25] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

## III. Aplicación del Derecho a los Hechos

En resumen, Villafañe Vivo plantea que el foro primario abusó de su discreción al no permitirle presentar prueba adicional para la vista de remedios provisionales señalado y, por otro lado, permitir a Jatib Campos suplementar su prueba. Veamos.

De un examen minucioso y sosegado del expediente ante nuestra consideración, resolvemos que no existe justificación alguna para intervenir en esta etapa de los procedimientos con la determinación recurrida. Valga señalar que, al denegar la expedición del recurso solicitado, asumimos las expresiones de nuestro más alto tribunal que advierte que una resolución denegatoria de *certiorari* no implica posición alguna del Tribunal respecto a los méritos de la causa sobre la cual trata el recurso; esto es, una resolución declarando No Ha Lugar un recurso de *certiorari* no resuelve implícitamente cuestión alguna contra la peticionaria a los efectos que pueda señalarse como cosa juzgada. La resolución denegatoria simplemente es índice de la facultad discrecional de este Tribunal para negarse a revisar en determinado momento[26].

Siendo así, la determinación impugnada, resulta razonable y no denota un abuso de discreción por parte del foro primario. Además, Villafañe Vivo no demostró que el TPI abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación de limitar la prueba a presentarse durante la vista de remedios provisionales. Tampoco identificamos fundamento alguno que justifique expedir el auto de *certiorari* para evitar un fracaso de la justicia.

Por tanto, ante la ausencia de justificación para intervenir con el dictamen recurrido, nos abstenemos de intervenir en el asunto y denegamos expedir el auto de *certiorari*.

---

[26] *Sociedad Legal de Gananciales v. Pauneto Rivera*, 130 DPR 749, 755-756 (1992).

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari.* Consecuentemente, se declara No Ha Lugar la solicitud de orden en auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones